UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAKEISHA MARGARET WATKINS ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:15-0056 |
| ] | Haynes/Brown |
| VICKI FREEMAN, Warden ] | |
|     Respondent. ] | |

To:    Honorable William J. Haynes, Jr., Senior District Judge

# REPORT AND RECOMMENDATION

By an order (Docket Entry No. 8) entered January 30, 2015, the Court referred this action to the undersigned "to hear and determine any pretrial issues, motions, including discovery matters, to conduct any necessary conferences and hearings and to submit a report and recommendation for disposition of any motion filed under Fed. R. Civ. P. 12, 15, 56 and 65."

## I. Background

In August, 2009, a jury in Davidson County found the petitioner guilty of the lesser included offense of attempted child neglect (one count), aggravated child abuse (four counts), and aggravated child neglect (two counts). Docket Entry No. 14-7 at pgs. 96-103. For these crimes, she received an aggregate sentence of forty (40) years in prison. Docket Entry No. 14-1 at pgs. 34-40.[1]

On direct appeal, the Tennessee Court of Criminal Appeals affirmed all but one of the

---

[1] The petitioner decided to go to trial and turned down a plea offer of eighteen (18) years in prison. Docket Entry No. 14-17 at pgs. 17-18.

convictions and sentences. Docket Entry No. 14-13. One count of aggravated child neglect was reversed for insufficient evidence and, on remand, the conviction was vacated by the trial court. Docket Entry No. 14-16 at pg. 59. The reversal had no effect on the petitioner's aggregate sentence. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No. 14-15.

In September, 2012, the petitioner filed a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. Docket Entry No. 14-16 at pgs. 60-65. Following the appointment of counsel, an amendment of the petition, and an evidentiary hearing, the trial court denied the petitioner post-conviction relief. *Id.* at pgs. 98-115.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Watkins v. State, 2014 WL 1400370 (Tenn. Crim. App.; 4/10/14).[2] The Tennessee Supreme Court once again denied petitioner's application for additional review. Docket Entry No. 14-23.

## II. Procedural History

On January 20, 2015, the petitioner, through counsel, initiated the instant action with the filing of a petition for writ of habeas corpus (Docket Entry No. 1). The petition contains five claims for relief. These claims include :

    1)    the petitioner was denied the effective assistance of counsel when her attorney[3]
      a) failed to obtain the services of an expert who would testify as to petitioner's learning disability;
      b) failed to challenge petitioner's custodial statements

---

[2] The respondent has provided the wrong appellate post-conviction opinion, forcing the Court to search Westlaw for the correct opinion. *See* Docket Entry No. 14-21.

[3] At trial, the petitioner retained Jack Byrd, a member of the Davidson County Bar, to represent her.

>           made to the police; and
>           c) failed to properly advise the petitioner of her right
>              to testify at trial;
>
>     2)    an absence of proof of *mens rea* precluded a finding that
>           the evidence was sufficient to sustain the convictions; and
>
>     3)    the trial judge failed to consider mitigating factors, thus
>           rendering the petitioner's sentences excessive.

The petition also includes a "request that the exhausted claims be stayed in abeyance, while the unexhausted claims are brought before the State courts for exhaustion". Docket Entry No. 1 at pg. 20. More specifically, the petitioner wishes to pursue in the state courts a claim of actual innocence based upon the possibility that the victim's injuries were caused by a genetic and medical condition, rather than the actions of the petitioner. *Id.* at pg. 22.

By an order (Docket Entry No. 9) entered by the undersigned on February 3, 2015, the respondent was directed to file an answer, plead or otherwise respond to the petition.

Presently before the Court is the respondent's Answer (Docket Entry No. 18) filed April 8, 2014. The petitioner has not taken any additional action in this matter. Having carefully considered the petition, respondent's Answer, and the expanded record (Docket Entry 14), it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

### III. Analysis of the Issues

**A.) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in her petition. 28

U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present her claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for her claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner raised a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[4]

Federal habeas corpus relief is only available to cure "a violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a claim that is based upon a perceived error or misapplication of state law will not normally be recognized as an actionable claim for federal habeas corpus relief. Lewis v.Jeffers, 497 U.S. 764, 780 (1990).

In challenging the length of her sentences (Claim No. 3), the petitioner argues that the trial

---

[4] In Tennessee, a petitioner need only take her claims to the Tennessee Court of Criminal Appeals in order to fully exhaust her available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

4

judge erred by failing to consider mitigating factors. Docket Entry No.1 at pg. 19. This claim was offered to the state courts solely as perceived errors of state rather than federal law. Docket Entry No. 14-11 at pgs. 32-36 ("use of consecutive sentencing .... is inconsistent with the sentencing purposes set out in the Tennessee Sentencing Reform Act"). As a consequence, this issue has never been fully exhausted in the state courts as a federal claim.

Unfortunately, at this late date, the petitioner is no longer able to raise her sentencing issue as a federal claim in state court. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to this claim. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, she must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to

the defense interfered with her ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

The petitioner's pleadings offer nothing to suggest cause for the failure to exhaust her sentencing claim as a question of federal law in the state courts in a timely manner. Nor has there been a showing of prejudice arising from the alleged violation. Consequently, petitioner's sentencing claim (Claim No. 3) will not support an award of federal habeas corpus relief. Teague v. Lane, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the federal claim was not raised in the state appellate courts for review).

In the state courts, the petitioner argued that the evidence was insufficient because there was no evidence that she had caused the victim's injuries (a necessary element for an abuse conviction) and no proof that her delay in seeking medical care for the victim resulted in injury (an element for a neglect conviction). Docket Entry No. 14-11 at pg. 22. Here, the petitioner has not raised the same theory for her sufficiency claim. Instead, she claims that the evidence was insufficient because there was no proof that she had the requisite *mens rea* to commit these offenses (Claim No. 2). Docket Entry No. 1 at pgs. 17-19. Thus, the petitioner did not exhaust the sufficiency issue in the state courts using the same theory as that put forth in this Court. As noted above, this precludes a finding of exhaustion. Hicks, *supra*. Having failed to properly exhaust the sufficiency claim, this claim has been procedurally defaulted.

**B.) Fully Exhausted Claims**

The petitioner's remaining claims, i.e., the three alleged instances of ineffective assistance of counsel (Claim Nos. 1a-c), were considered by the state courts on the merits and have been fully

exhausted.

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 562 U.S. 86 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, *supra* at 562 U.S. 103.

The petitioner alleges that her attorney was ineffective for failing to obtain the services of an expert who would testify as to her learning disability (Claim No. 1a), for failing to challenge the admissibility of statements she made to the police (Claim No. 1b), and for failing to adequately advise the petitioner of her right to testify at trial (Claim No. 1c).

The Sixth Amendment provides that a criminal defendant is entitled to the effective

7

assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that her attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

Petitioner's attorney testified at the post-conviction evidentiary hearing that he was aware the petitioner had a learning disability (dyslexia). Docket Entry No. 14-17 at pg. 25. He had no trouble, however, discussing the case with her. *Id.* at pg. 26. Out of an abundance of caution, though, he obtained the petitioner's "records and things" to determine the viability of a defense based upon the learning disability. *Id.* at pg. 25. The petitioner never asked counsel to seek the services of an expert to testify about her learning disability. *Id.* at pg. 26. Nor did the petitioner bring in an expert to testify at the post-conviction evidentiary hearing about her learning disability. Moreover, the petitioner's father took the witness stand during the trial and told the jury that his daughter reads at a second grade level. Docket Entry No. 14-6 at pg. 69. In light of these facts, the state courts did not offend federal law by holding that counsel had not been ineffective for failing to obtain an expert to testify about the petitioner's learning disability (Claim No. 1a).

The petitioner has also alleged that counsel was ineffective for failing to challenge the admissibility of statements she made to the police (Claim No. 1b). The petitioner acknowledged being interviewed by the police on three occasions. She admitted to being read her Miranda

8

warnings each time. Docket Entry No. 14-17 at pg. 13. The petitioner agreed to speak to the police "on every single occasion". *Id.* at pg. 11. During the second interview, the petitioner invoked her right to counsel and the interview was stopped immediately. *Id.* at pg. 15. The petitioner later sought a third interview with the police where she gave her most damning statement. *Id.* The petitioner never told her attorney that she misunderstood the Miranda warnings. *Id.* at pg. 13. Nor could counsel discern a legal basis for suppressing the statements that she made to the police. *Id.* at pg. 22. It does not appear, therefore, that counsel could have successfully suppressed the petitioner's statements. This claim has no merit.

Finally, the petitioner believes that counsel was ineffective for failing to properly advise her of the right to testify (Claim No. 1c). Counsel, however, swore that he discussed testifying with the petitioner at length. *Id.* at pg. 24. The record also shows that the trial court questioned the petitioner on two occasions about her right to testify. On each occasion, the petitioner told the court that she understood this right. Docket Entry No. 14-6 at pgs. 61, 122-126. The state courts did not err, therefore, by finding no merit in this claim.

### IV. Stay and Hold in Abeyance

In the complaint, the petitioner has included a request that this action be held in abeyance so that she can pursue a claim of actual innocence in the state courts. Docket Entry No. 1 at pgs. 20-22.

It has long been held that a state prisoner's federal habeas corpus petition should be dismissed if the prisoner has not yet exhausted all available state court remedies for each and every claim in his petition. Coleman v. Thompson, 111 S.Ct. 2546, 2554 (1991). This does not, however, limit the discretion of the district court to hold a habeas corpus petition in abeyance where to do so

would be appropriate. Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998); *see also*, Tran v. Bell, 145 F.Supp.2d 939, 941-942 (W.D. Tenn. 2001).

In this instance, holding the case in abeyance for an actual innocence claim would be futile because such a free standing claim is not actionable in a federal habeas corpus proceeding. Herrera v. Collins, 506 U.S. 390, 400 (1993). Therefore, it would not be appropriate to grant petitioner's request.

## RECOMMENDATION

Upon consideration of the pleadings and the record in this case, the undersigned respectfully RECOMMENDS that the petitioner's request for a stay and hold in abeyance be DENIED. It is further RECOMMENDED that the petitioner's habeas corpus claims be DENIED, that the instant action be DISMISSED, and that a certificate of appealability should NOT issue.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                              Respectfully submitted,

                                              Joe B. Brown
                                              United States Magistrate Judge